UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN MELEIKA,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**FEDERAL GOVERNMENT,**<br><br>       **Defendant.** | Civ. Nos. 21-20794 (KM)<br>21-20795 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

      Steven Meleika, a frequent and repetitive litigant in this District, has filed these two nearly identical actions in which he challenges this Court's grant of summary judgment to the City of Jersey City in a prior action for malicious prosecution, Civ. No. 17-1959 (the "Prior Action"). Mr. Meleika asserts that, because he was not convicted of certain underlying misdemeanor charges, he was entitled to prevail in the Prior Action. He was not entitled to prevail, however, because he stipulated to probable cause as a condition of voluntary dismissal, and I so ruled in a detailed opinion. For ease of reference, a copy of my summary judgment decision in the Prior Action, reported at 2018 WL 4522046 (Sept. 21, 2018), is attached as Exhibit A ("Prior Opinion").

      I will therefore grant Mr. Meleika's motion to be granted *in forma pauperis* ("IFP") status and dismiss his complaint upon initial screening pursuant to 18 U.S.C. § 1915(e).

## I.    The Applicable Standard

      Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B). The provisions of § 1915(e) apply to all IFP complaints, not only those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*,

1

293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se.*" *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## II.     Background

Mr. Meleika was arrested on May 1, 2014, and charged with violations that were downgraded to disorderly persons offenses, N.J. Stat. Ann. §§ 2C:35-10(c) (CDS) and 2C:29-2(a)(1) (resisting arrest), and referred to Jersey City Municipal Court. On October 7, 2015, the charges were voluntarily dismissed on the record before Municipal Court Judge Margaret Marley. In that proceeding, Mr. Meleika was represented by counsel. (ECF no. 24-3 at 17.)

That voluntary dismissal of charges was expressly conditioned on Mr. Meleika's stipulation to the existence of probable cause, as discussed more fully in my Prior Opinion. The court transcript from that hearing reads, in relevant part:

> MR. LOPEZ: Judge, the State is going to move to dismiss this complaint against this individual.
>
> There are pending Superior Court matters that he still needs to confront. Given the age of this Summons, Judge, I believe that's an appropriate disposition.
>
> MR. SERTERIDES: Judge, apart from that, the charges pending in the Superior Court are very, very serious. They are assault with a deadly weapon, and a possible attempted murder charge.
>
> Mr. Meleika has been in jail since his extradition from Florida. And there is little, if any, hope that he will make bail. So that, for all intents and purposes, Mr. Meleika will be spending the indefinite future in the Hudson County Jail.[1]
>
> THE COURT: Okay. And --
>
> MR. SERTERIDES: Mr. Meleika, do you understand why you were arrested by a member or members of the Jersey City Police Department on May 1, 2014?
>
> THE DEFENDANT: Yes.

---

[1] Mr. Meleika pled guilty and was sentenced to a term of imprisonment in connection with those separate and unrelated charges. That conviction is the subject of opinions in other cases, including two habeas cases, Civ. Nos. 21-11592 and 21-20776, and an appeal from denial of PCR, *State v. Meleika,* No. A-4103-19, 2022 WL 554204 (N.J. Super. Ct. App. Div. Feb. 24, 2022).

> MR. SERTERIDES: Your Honor, assuming the Court grants the Prosecution's request, we will stipulate to probable cause.
>
> THE COURT: Okay. And the officer who is present here, your appearance for the record.
>
> OFFICER SCALZIONE: Officer Matthew Scalzione (phonetic), Jersey City police Department, Street Crimes Unit, Shield No. 2911.
>
> THE COURT: And, Officer Scalzione, are you okay with this resolution?
>
> OFFICER SCALZIONE: Yes. I've discussed this at length with the Prosecutor, and I'm comfortable with the disposition that's being discussed.
>
> THE COURT: Okay. So for all the reasons placed upon the record, this matter will be dismissed on motion of the State. There is a stipulation of probable cause, which Mr. Serterides has reviewed with Mr. Meleika, and has been placed on the record, as well.
>
> Okay. Matter is dismissed.

(Oct. 7, 2015 Court Transcript at 2–4, 17-cv-1959 DE 24-3 at 18–19.)[2]

Two key elements of a malicious prosecution claim are lack of probable cause and favorable termination of the criminal proceeding. I held that both had been negated, and granted summary judgment to Jersey City on the claim of malicious prosecution. (*See* Prior Opinion, attached as Ex. A.)

Mr. Meleika, however, continued to seek discovery. He filed a notice of appeal, which was dismissed as untimely. (17-cv-1959 DE 43.) He moved to reopen the case and extend the time to appeal, and he filed escalating demands for damages. These were denied, as the case was closed and the 180-day deadline to reopen the time to appeal had passed. (DE 50, 52.)

These above-captioned nearly identical actions against "The Federal Government" followed. The causes of action are variously listed as 4th Search

---

[2] For the reasons stated in the Prior Opinion, that transcript was properly considered in a Rule 12(b)(6) analysis.

4

and Seizure, 5th Double Jeopardy, legal malpractice, and Negligence. (DE 1 at 3-4) Attached is a "Brief" in which Mr. Meleika explains further:

> The plaintiff sues the defendant for negligence, and for the violation of his 5th amendment right the double jeopardy clause where it says that a person shall not to be tried twice for the same crime. The plaintiff had his charges dismissed. The plaintiff filed a lawsuit alleging that he was falsely arrested and maliciously prosecuted. The plaintiff had a settlement pending in the case when the federal judge dismissed the case saying that the police had probable cause. The judge cannot make these decisions as the criminal has already been won. The judge violated the plaintiff double jeopardy rights when he made that decision. A criminal case dismissed is an automatic win in a civil case for false arrest and malicious prosecution. The poor handling of the plaintiff case is negligence. The plaintiff sues the defendant for negligence, and for the violation of his 5th amendment right the double jeopardy clause where it says that a person shall not to be tried twice for the same crime. The plaintiff had his charges dismissed. The plaintiff filed a lawsuit alleging that he was falsely arrested and maliciously prosecuted. The judge cannot make these decisions as the criminal has already been terminated in the plaintiff favor. The judge violated the plaintiff double jeopardy rights when he made that decision. A criminal case dismissed is an automatic win in a civil case for false arrest and malicious prosecution. The poor handling of the plaintiff case is negligence. The plaintiff has provided sufficient merit in his civil cases. For good shown the plaintiff requests the court honor the settlement and award monetary damages for negligence and for violating the plaintiffs double jeopardy rights.

(DE 1 at 7–8)  The complaint seeks monetary compensation.

### III. DISCUSSION

#### A. Procedural Bars

The complaint is procedurally defective. To begin with, it is difficult to discern the reasoning behind naming "The Federal Government" as defendant. To the extent Mr. Meleika means to sue this Court or the Court of Appeals,

there would be judicial immunity to deal with. *See, e.g., Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985).[3]

Setting that aside, the claim is at bottom one of judicial error—*i.e.,* that Mr. Meleika should have prevailed in the Prior Action. Correction of error, however, must be pursued by the proper means, such as a motion for reconsideration or an appeal. These have already been attempted and denied, whether on the merits or on timeliness grounds.

### B. Merits

At any rate, Mr. Meleika's arguments fail on the merits. He now claims that "[a] criminal case dismissed is an automatic win in a civil case for false arrest and malicious prosecution," and that this Court violated his double jeopardy rights when it denied his malicious prosecution claim on summary judgment.

Mr. Meleika is incorrect about the dismissal of criminal charges entitling him to an "automatic win" on his malicious prosecution claim. For the reasons stated in my Prior Opinion, the opposite is the case. His stipulation to the existence of probable cause in exchange for the voluntary dismissal of charges precludes a subsequent malicious prosecution claim.[4]

---

[3] There are some indications that this is his intent, though it is not clear. *See* DE 1 at 4 (naming this Court and the Third Circuit, and listing the case numbers of the Prior Action and appeal).

[4] Malicious prosecution under 42 U.S.C. § 1983 requires that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Halsey v. Pfeiffer,* 750 F.3d 273, 296–97 (3d Cir. 2014) (citing *Johnson v. Knorr,* 477 F.3d 75, 82 (3d Cir. 2007)).

As set forth in my Prior Opinion, both the probable-case and the favorable-termination elements of malicious prosecution are negated by a stipulation to the existence of probable cause. *See, e.g., Jenkins v. Louisville-Jefferson Cnty. Metro Gov't*, No. 3:17-CV-151-DJH, 2018 WL 345119, at *3 (W.D. Ky. Jan. 9, 2018) (stipulation negates probable cause element); *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (favorable termination element); *Jones v. Somerset Cnty. Prosecutor's Office*, No. CV 15-2629 (FLW), 2017 WL 1337432, at *6–7 (D.N.J. Apr. 7, 2017)

6

Mr. Meleika is also incorrect in his invocation of double jeopardy. "The Double Jeopardy Clause of the Fifth Amendment provides:

> 'No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb.' The Clause by its terms does not prohibit twice placing a person in jeopardy 'for the same conduct or actions.' . . . . Instead, it focuses on whether successive prosecutions are for the same 'offence.'.... Because the sovereign source of a law is an inherent and distinctive feature of the law itself, an offense defined by one sovereign is necessarily a different offense from that of another sovereign.

*Denezpi v. United States*, No. 20-7622, 2022 WL 2111348, at *4 (U.S. June 13, 2022) (cleaned up).

In short, the double jeopardy clause is concerned with successive *criminal prosecutions* by the *same sovereign* for the *same crime*. The denial of a subsequent civil claim for damages is not a criminal prosecution at all, let alone a prosecution for the same offense; moreover, the State and the federal government are separate sovereigns.

## CONCLUSION

For the foregoing reasons, on screening pursuant to 28 U.S.C. § 1915(e), the complaint is DISMISSED. Because this action is in effect an amendment to the complaint dismissed in Civ. No. 17-1959, and in light of the history of this litigation, the Court determines that further amendment would be futile, and the dismissal is with prejudice.

Dated:  June 23, 2022

/s/ Kevin McNulty
_____
**HON. KEVIN MCNULTY**
**United States District Judge**

# EXHIBIT A

Case 2:21-cv-20794-KM-JBC   Document 3   Filed 06/23/22   Page 9 of 16 PageID: 24

Meleika v. City of Jersey City, Not Reported in Fed. Supp. (2018)

2018 WL 4522046
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.

Steven **MELEIKA**, Plaintiff,
v.
CITY OF JERSEY CITY, et al., Defendants.

Civ. No. 17-1959 (KM-JBC)
|
Signed 09/21/2018

**Attorneys and Law Firms**

Steven **Meleika**, Bayonne, NJ, pro se.

Chaunelle Christine Robinson, Assistant Corporation Counsel Jersey City Law Department, Jersey City, NJ, for Defendants.

OPINION

[KEVIN MCNULTY](#), United States District Judge

 **\*1** Following the dismissal of most of the claims in the Complaint on statute of limitations grounds (ECF no. 13), what remained was a § 1983 **malicious prosecution** claim by Steven **Meleika**, *pro se*, against the City of Jersey City. The City has now filed a motion for summary judgment (ECF no. 24) as to that remaining claim. For the reasons stated herein, that motion, whether construed as a motion for summary judgment or as one for judgment on the pleadings, is granted.

**I. Background**

The Complaint is brief, consisting of filled-in blanks on a standard *pro se* complaint form.[1] The underlying factual allegations, in their entirety, are as follows:

> On 5-1-2014 I was arrested by Jersey City Police in Jersey City. I was criminally charged with multiple serious charges (felonies). After going to court once every month for two years, the charges were dismissed during trial. All charges were dismissed without pleading guilty.

(Cplt. § III.C) Attached to the Complaint are medical records of a [cat scan](#), showing no serious injury, plus a prescription for thirty 500 mg tablets of [Naproxen](#), a pain reliever. All are dated May 2, 2014. The Complaint states that the date of dismissal of the criminal case was 10-7-2015. (*Id.* § III.B)

I dismissed various claims arising from the May 1, 2014 arrest, because they accrued outside of the applicable two-year statute of limitations. (ECF no. 13) I denied the motion to dismiss the § 1983 **malicious prosecution** claim, however, because that cause of action did not accrue until the criminal case was dismissed by the Jersey City Municipal Court on October 7, 2015, a date that fell within the limitations period.

Case 2:21-cv-20794-KM-JBC   Document 3   Filed 06/23/22   Page 10 of 16 PageID: 25

Meleika v. City of Jersey City, Not Reported in Fed. Supp. (2018)

My order of dismissal was without prejudice to the submission of an amended complaint within 30 days. Because no amended complaint was filed, the dismissal of the arrest-related claims has become final.

While considering the motion to dismiss, I received a letter request from the City that it be permitted to supplement its motion with evidence that the plaintiff stipulated to probable cause during the Municipal Court proceedings. (ECF no. 12) Because the exhibit was proffered belatedly, I denied that request without prejudice to any future motion for dismissal or summary judgment. (ECF no. 13)

On October 17, 2017, the City filed an Answer to the Complaint. (ECF no. 16)

On March 23, 2018, the City filed a motion for summary judgment on the malicious prosecution claim. (ECF no. 24) It asserts that, in connection with the dismissal of the State charges, Meleika stipulated on the record that they were supported by probable cause, thus negating an essential element of malicious prosecution.

 *2  On March 27, 2018, Meleika filed a document titled "Response to Defendant Motion to Dismiss." (ECF no. 25) From the context, however, it is clearly intended as a response to the City's motion for summary judgment, and I accept it as such.

On May 17, 2018, Meleika filed another document, titled "Amended Complaint." (ECF no. 27) At an in-person conference before the Magistrate Judge, however, Meleika clarified that he did not really mean to amend his complaint; rather, this document was submitted in further opposition to the summary judgment motion. Magistrate Judge Hammer memorialized that understanding in a text order:

> TEXT ORDER: For the reasons discussed on the record on July 26, 2018, and Plaintiff having stated that he does not seek to amend his complaint and that the document filed at D.E. 27 was intended to support his opposition to the pending motion for summary judgment, this Court will take no action on D.E. 27 at this time. Plaintiffs operative pleading remains the Complaint docketed at D.E. 1. So Ordered by Magistrate Judge Michael A. Hammer on 7/26/2018. (MAH) (Entered: 07/26/2018)

(ECF no. 29).

The City has not filed a reply on its summary judgment motion.

**II. The Applicable Standard**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See* *Boyle v. Cnty. of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See* *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Case 2:21-cv-20794-KM-JBC   Document 3   Filed 06/23/22   Page 11 of 16 PageID: 26

Meleika v. City of Jersey City, Not Reported in Fed. Supp. (2018)

This motion, although styled as one for summary judgment, might fit within the confines of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Section III.A, *infra*. I therefore review the standards for such a motion.

A motion for judgment on the pleadings pursuant to Rule 12(c) is often indistinguishable from a motion to dismiss, except that it is made after the filing of a responsive pleading. Federal Rule of Civil Procedure 12(h)(2) "provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Accordingly, when a Rule 12(c) motion asserts that the complaint fails to state a claim, the familiar Rule 12(b)(6) standard applies. *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). "[A] plaintiffs obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement'... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

**\*3** Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro* se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

**III. Discussion**

    **A. Nature of Motion/Consideration of Exhibits A & B**

The City's motion makes legal arguments directed to the allegations of the Complaint. It supports those arguments with two exhibits, designated A and B (ECF no. 24-3).

Initially, I consider whether the motion is better viewed as a summary judgment motion under Rule 56 or as a motion for judgment on the pleadings [2] under Rule 12(c), Fed. R. Civ. P. I raise the question to forestall any issue about a summary judgment motion's being premature, but in the end, it makes little difference. The two exhibits submitted by the City are ones that could permissibly be considered on either a Rule 56 or a Rule 12(c) motion. [3]

The first portion of Exhibit A to the summary judgment motion is a copy of certain medical records dating from May 2, 2014. (ECF no. 24-3 at 4) The second portion of Exhibit A is a copy of a Municipal Court docket record of the Jersey City Municipal Court's dismissal of two charges on October 7, 2015.

Case 2:21-cv-20794-KM-JBC Document 3 Filed 06/23/22 Page 12 of 16 PageID: 27

Meleika v. City of Jersey City, Not Reported in Fed. Supp. (2018)

Those Exhibit A records were already submitted by the plaintiff as an attachment to his Complaint. (*Compare* ECF no. 24-3 at 4 *with* ECF no. 1 at 6; *Compare* ECF no. 24-3 at 15 *with* ECF no. 1 at 9.) For that reason, they may be considered within the confines of a Rule 12(b)(6) motion to dismiss:

> In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiffs claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016). *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered "without converting the motion to dismiss into one for summary judgment.' ") (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426); *PBGC*, 998 F.2d at 1196 (3d Cir. 1993). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint.' " *In re Burlington,* 114 F.3d at 1426 (quoting *Watterson v. Page,* 987 F.2d 1, 3-4 (1st Cir. 1993) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2nd Cir. 1991) ).

**\*4** Because the records in Exhibit A were attached to the Complaint, are integral to the allegations of the Complaint, and are relied on by the plaintiff, I may consider them as part of a motion for judgment on the pleadings.

I move to Exhibit B. Exhibit B is a transcript of the Jersey City Municipal Court proceedings on Summons no. S-2014-002424, dated October 7, 2015. The transcript reflects the State's dismissal of the two charges against Mr. **Meleika** arising from the incident on May 1, 2014. (Tr. dated Oct. 7, 2015, ECF no. 24-3 at 17) Because this is the transcript of the very dismissal cited in the Complaint and relied on by the plaintiff, I may consider it in the context of a motion for judgment on the pleadings under the authorities cited above.

In addition, items of which the court may take judicial notice—particularly public records of court proceedings—may be considered without converting a motion to dismiss into one for summary judgment. For example, "on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *S. Cross Overseas Agencies, Inc. v. WahKwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999). *See generally* Fed. R. Evid. 201.

The Exhibit B transcript is a matter of public record whose authenticity cannot reasonably be questioned.[4] It is not submitted for the truth of any extrinsic facts cited therein. It is submitted solely to establish the legal effect of what was said on the record, i.e., to establish the terms of the dismissal of the charges. For this reason, too, it would properly be considered on a motion to dismiss.

Exhibits A 8s B would therefore be properly considered on a motion to dismiss or one for judgment on the pleadings. *A fortiori*, their consideration on a summary judgment motion, even one brought before the completion of fact discovery, is not controversial.

### B. Merits of motion

As stated above, the sole remaining claim is a § 1983 cause of action for **malicious prosecution**, asserted against the City of Jersey City. Mr. **Meleika** was arrested on May 1, 2014, and charged with violations downgraded to violations of N.J. Stat. Ann. §§ 2C:35-10(c) (CDS) and 2C:29-2(a)(l) (resisting arrest), both disorderly persons offenses, which were referred to

Case 2:21-cv-20794-KM-JBC   Document 3   Filed 06/23/22   Page 13 of 16 PageID: 28

Meleika v. City of Jersey City, Not Reported in Fed. Supp. (2018)

Jersey City Municipal Court. The charges were dismissed on the record in open court before Municipal Court Judge Margaret Marley on October 7, 2015. In that proceeding, Mr. **Meleika** was represented by counsel. (ECF no. 24-3 at 17)

**Malicious prosecution** under 42 U.S.C. § 1983 requires that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiffs'] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (citing *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) ). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 225 (1964) ).

**\*5** It has been held that "a stipulation of probable cause in an underlying criminal proceeding bars subsequent claims for unlawful search, false arrest, false imprisonment, and **malicious prosecution** [under § 1983]." *Jenkins v. Louisville-Jefferson Cnty. Metro Gov't*, No. 3:17-CV-151-DJH, 2018 WL 345119, at *3 (W.D. Ky. Jan. 9, 2018) (quoting *Shemwell v. Heller*, No. 3:10-cv-336-CRS, 2012 WL 1038114, at *3 (W.D. Ky. Mar. 27, 2012) ); *see also Trimbur v. Ky. Lottery Corp.*, 64 F. App'x 970, 974 (6th Cir. 2003) (holding that when a criminal defendant stipulates to probable cause "as part of the state criminal charges," subsequent claims for false arrest, false imprisonment, and **malicious prosecution** are barred); *Wilcoxson v. Matthews*, No. 3:15-CV-116 (CDL), 2016 WL 9753355, at *6 (M.D. Ga. May 17, 2016) (stipulation that there was probable cause to arrest defendant precludes later state-law **malicious prosecution** claim); *Mpala v. Funaro*, No. 3:13CV00252(SALM), 2015 WL 7312427, at*6 (D. Conn. Nov. 19, 2015) (dismissing § 1983 **malicious prosecution** claim because defendant was bound by his earlier stipulation to probable cause in connection with dismissal of state charges); *Lee v. Harris*, No. 12-CV-12763, 2013 WL 3212531, at *5 (E.D. Mich. June 26, 2013) ("Because Plaintiff stipulated to probable cause, she basically agreed that the actions Defendants took were within their authority" and state-law **malicious prosecution** claim would therefore be dismissed). [5]

Those cited cases have variously held that such a stipulation may negate either or both of the third and second essential elements of **malicious prosecution**.

The City makes the straightforward argument that Mr. **Meleika** has stipulated away the third element—lack of probable cause for initiating the charges. On October 7, 2015, in connection with the dismissal of the Municipal Court charges, the following colloquy occurred:

THE COURT: All right. And how are we proceeding today?

MR. LOPEZ: Judge, the State is going to move to dismiss this complaint against this individual.

There are pending Superior Court matters that he still needs to confront. Given the age of this Summons, Judge, I believe that's an appropriate disposition.

MR. SERTERIDES: Judge, apart from that, the charges pending in the Superior Court are very, very serious. They are assault with a deadly weapon, and a possible attempted murder charge.

Mr. **Meleika** has been in jail since his extradition from Florida. And there is little, if any, hope that he will make bail. So that, for all intents and purposes, Mr. **Meleika** will be spending the indefinite future in the Hudson County Jail.

THE COURT: Okay. And --

Case 2:21-cv-20794-KM-JBC   Document 3   Filed 06/23/22   Page 14 of 16 PageID: 29

Meleika v. City of Jersey City, Not Reported in Fed. Supp. (2018)

MR. SERTERIDES: Mr. Meleika, do you understand why you were arrested by a member or members of the Jersey City Police Department on May 1, 2014?

THE DEFENDANT: Yes.

MR. SERTERIDES: Your Honor, assuming the Court grants the Prosecution's request, we will stipulate to probable cause.

THE COURT: Okay. And the officer who is present here, your appearance for the record.

OFFICER SCALZIONE: Officer Matthew Scalzione (phonetic), Jersey City police Department, Street Crimes Unit, Shield No. 2911.

THE COURT: And, Officer Scalzione, are you okay with this resolution?

OFFICER SCALZIONE: Yes. I've discussed this at length with the Prosecutor, and I'm comfortable with the disposition that's being discussed.

THE COURT: Okay. So for all the reasons placed upon the record, this matter will be dismissed on motion of the State. There is a stipulation of probable cause, which Mr. Serterides has reviewed with Mr. Meleika, and has been placed on the record, as well.

>  **\*6**  Okay. Matter is dismissed.

(Oct. 7, 2015 Court Transcript at 2-4, ECF no. 24-3 at 18-19)

Some of the cases cited above have seemingly taken the straightforward approach advocated by the City here: malicious prosecution requires lack of probable cause; the defendant stipulated on the record that there was probable cause; a malicious prosecution claim therefore cannot be maintained. I agree. Mr. Meleika, through counsel, stipulated in open court that the charges were supported by probable cause. That stipulation is binding on him. Probable cause being present, the current malicious prosecution claim must be dismissed.

Alternatively, the Municipal Court transcript may be viewed as negating the second element of malicious prosecution—that the prior criminal proceeding terminated in Mr. Meleika's favor. Although the City does not raise this point, the cases cited above suggest that the favorable-termination analysis supports dismissal of the malicious prosecution claim.

To satisfy the favorable-termination requirement, the prior disposition of the criminal case must demonstrate "the innocence of the accused.' " *Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (quoting *Kosslerv. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) ). Of course an acquittal or an outright, unconditional dismissal based on insufficient evidence would be the quintessential favorable termination. See *Hilfirty v. Shipman*, 91 F.3d 573, 579-80 (3d Cir. 1996); [6] *Malcomb v. McKean*, 535 F. App'x 184, 185-86 (3d Cir. 2013).

Not every dismissal of charges signifies a favorable termination, however. See *Morris v. Vemiero*, 453 F.App'x 243, 245-46 (3d Cir. 2011).

> [W]hile "a grant of nolle prosequi can be sufficient to satisfy the favorable termination requirement for malicious prosecution, not all cases where the prosecutor abandons criminal charges are considered to have terminated favorably."
>
> *Hilfirty v. Shipman*, 91 F.3d at 579-580. A nol pros signifies termination of charges in favor of the accused "only when their final disposition is such as to indicate the innocence of the accused." [quoting Restatement (Second) of Torts: Indecisive Termination of Proceedings § 660, cmt. A]

🚩*Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002).

Thus, for example, dismissal of charges as part of a bargain with the accused (typically a plea bargain) is not a "favorable termination." *E.g., Jones v. Somerset Cnty. Prosecutor's Office*, No. CV 15-2629 (FLW), 2017 WL 1337432, at *6-7 (D.N.J. Apr. 7, 2017) (citing case law). A defendant may not admit probable cause in return for dismissal and then, by suing for **malicious prosecution**, repudiate his side of the bargain. Likewise, a prosecutor's discretionary decision to dismiss a case was held not to constitute a favorable termination. *See Donahue v. Gavin, supra* (no favorable termination where the prosecutor had "simply reasoned that Donahue was not likely to receive any additional jail time if convicted in a retrial, and concluded that further prosecution was therefore not an appropriate use of limited resources. It does not suggest that Donahue was innocent of the remaining criminal charges.")

**\*7** Here, the reasons for the dismissal of the Municipal Court charges against Mr. **Meleika** fit within the "bargain" rationale of *Jones* or the "discretionary" rationale of *Donahue*. Either way, they do not establish Mr. **Meleika**'s innocence. The prosecution's overall rationale, stated at the outset, was that "[t]here are pending Superior Court matters that [Mr. **Meleika**] still needs to confront." (Oct. 7, 2015 Tr. at 2, ECF no. 24-3 at 18). Mr. **Meleika** had been extradited from Florida and detained on "very, very serious charges ... assault with a deadly weapon, and a possible attempted murder charge." *(Id.)*. There was "little hope" of bail, and "for all intents and purposes, Mr. **Meleika** [would] be spending the indefinite future in the Hudson County Jail." (*Id.* at 2-3). The charges in the Municipal Court, moreover, were old. (*Id.* at 2) (referring to "age of this Summons"). Under the circumstances, then, there was little point in pursuing disorderly persons offenses that would carry at most a short sentence of imprisonment. In return, Mr. **Meleika**'s attorney volunteered that, if the Municipal Court accepted the proposal to drop the charges, Mr. **Meleika** would stipulate that the charges were supported by probable cause. That concession was a fair response to the prosecution's reasonable stance--a bargain for disposal of the charges.

Overall, then, the grounds for dismissal did not establish Mr. **Meleika**'s innocence of the charges. Under the cases cited above, this was not a "favorable termination" for purposes of the second element of **malicious prosecution**. For this alternative and independent reason, the **malicious prosecution** claim cannot be sustained.

## CONCLUSION

For the foregoing reasons, the City of Jersey City's motion for summary judgment pursuant to Fed. R. Civ. P. 56, alternatively viewed as a motion for judgment on the pleadings pursuant to Rule 12(c), is GRANTED. An appropriate order is filed herewith.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 4522046

## Footnotes

1   Mr. **Meleika** has filed three other federal actions in addition to this one:

   17-cv-1958 **MELEIKA** v. BAYONNE POLICE DEPARTMENT (§ 1983 claims in connection with arrest for CDS charges that were later dismissed)

Case 2:21-cv-20794-KM-JBC   Document 3   Filed 06/23/22   Page 16 of 16 PageID: 31

Meleika v. City of Jersey City, Not Reported in Fed. Supp. (2018)

       17-cv-1960 MELEIKA v. HUDSON COUNTY CORRECTIONAL CENTER (injuries received while in protective custody)

       17-cv-5759 MELEIKA v. JERSEY CITY MEDICAL CENTER (action against hospital, police, and parents arising from involuntary commitment and medication)

2    The City had answered the Complaint at the time it filed the motion. (ECF no. 16).

3    Of course, even a Rule 12(b)(6) motion that attaches extrinsic evidence need not be denied outright, but may be converted to one for summary judgment, provided the opposing party is given fair notice. *See* Fed. R. Civ. P. 12(d). Because the City presented its motion as one for summary judgment, the plaintiff has received the requisite notice.

4    *Meleika*, in his responding papers, does not contest the transcript's authenticity, but merely objects to the City's being given a second chance to submit it. My earlier exclusion of the document, however, was based solely on its belated submission with respect to the then-pending motion to dismiss, which was already fully briefed. My Opinion stated explicitly that its exclusion was without prejudice to submission on a later motion. (ECF no. 13)

5    While adding constitutional requirements, *e.g.*, a deprivation of Fourth Amendment liberties, a § 1983 claim of malicious prosecution incorporates the essential elements of the traditional state-law tort, such as lack of probable cause and favorable termination. *See, e.g., Velez v. Fuentes*, No. CV156939MASLHG, 2016 WL 4107689, at *5 (D.N.J. July 29, 2016). For these purposes, then, I find cases dismissing state-law malicious prosecution claims to be closely analogous.

6    *Hilfirty*'s abrogation on other grounds was recognized in *Merkle v. Upper Dublin Sch. Dist*, 211 F.3d 782, 792 n.ll (3d Cir. 2000).

---

**End of Document**       © 2022 Thomson Reuters. No claim to original U.S. Government Works.